**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larra Canchola, | No. CV-26-04144-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Metro PHX Living SPE LLC, | |
| Defendant. | |

At issue is Defendant Metro PHX Living SPE LLC's Motion to Dismiss (Doc. 7, MTD), to which *pro se* Plaintiff Larra Canchola filed a Response (Doc. 15, Resp.), and Defendant filed a Reply (Doc. 16, Reply).

In the Motion, Defendant points out that Plaintiff still has not effected proper service of the Summons and Complaint on Defendant. (MTD at 1 n.1.) While the affidavit of service states Defendant's Head of Security, Michael Rogers, is "authorized to accept service," (Doc. 1-1 at 25), he is not Defendant's statutory agent and Plaintiff has not demonstrated that Defendant has authorized him to accept service in this matter. The Court need not decide this question, however, because even if Plaintiff's service on Defendant was proper, the Court must dismiss Plaintiff's Complaint as premature.

In the Complaint, Plaintiff brings employment discrimination claims under Title VII and the Arizona Civil Rights Act (ACRA) as well as a claim under A.R.S. § 13-2921. (Doc. 1-1 at 7.) To begin with, as Defendant contends in its Motion, A.R.S. § 13-2921 is a criminal statute that does not provide for a civil cause of action, so the Court must dismiss

that claim with prejudice. (MTD at 9.) With regard to Plaintiff's attempt to bring employment discrimination claims, as Defendant also argues (MTD at 8), Title VII requires that Plaintiff must exhaust any administrative remedy available under 42 U.S.C. § 2000e-5 prior to filing suit in court, by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or appropriate state agency. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008); *see also Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (stating the filing of a charge of discrimination within 300 days of an alleged violation is a mandatory prerequisite to maintaining an ADA action) (overruled on other grounds). Likewise, the ACRA "requires an employee to file a charge with the Arizona Civil Rights Division within 180 days of an alleged violation . . . and an employee who does not do so loses her right to sue." *Peterson v. City of Surprise*, 418 P.3d 1020, 1024 (Ariz. Ct. App. 2018). The EEOC or state agency must issue a right-to-sue letter before Plaintiff can bring suit. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Apparently in response to Defendant's Motion to Dismiss, Plaintiff filed a Charge of Discrimination with the Arizona Civil Rights Division and EEOC on July 1, 2026—more than three months after she filed this suit—and she has not received any right-to-sue letter. (Resp. at 5–6.) As a result, this lawsuit is premature, and the Court will dismiss it without prejudice. In its Motion, Defendant also argues that Plaintiff's employment discrimination claims fail because she was an independent contractor, not an employee, and Plaintiff's allegation that she is a veteran does not give rise to Title VII or ACRA claims because veteran status is not a protected characteristic under those statutes. (MTD at 6–7, 9.) Those issues can be resolved if and when Plaintiff exhausts her administrative remedies, as required, and properly brings suit.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 7) and dismissing this case without prejudice, except that Plaintiff's claim under A.R.S. § 13-2921 is dismissed with prejudice.

. . .

- 2 -

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 22nd day of July, 2026.

_____
Honorable John J. Tuchi
United States District Judge